UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DARRELL WARREN                                                                                         PLAINTIFF

V.                                     No. 4:19CV00598-KGB-JTR

BRIGGS, Major,
Pulaski County Jail, *et al.*                                                                          DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

Plaintiff Darrell Warren ("Warren") filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was incarcerated in the Pulaski County Detention Facility ("PCDF"). *Doc. 1.*

On August 27, 2019, the Court entered an Order that gave Warren until and

including September 27, 2019 to: (1) pay the $400 filing fee or file an application to proceed *in forma pauperis;* and (2) sign his Complaint and file it with the Clerk. *Doc 2.* The Clerk mailed Warren a blank prisoner *in forma pauperis* application, along with a copy of the signature page from his Complaint. Finally, he was cautioned that failure to comply with the Court's Order, by the designated deadline, could result in his case being dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[1]

On September 11 and 18, 2019, mail sent to Warren at the PCDF was returned undelivered, with no forwarding address. *Docs. 5 & 6.* On September 20, 2019, Warren notified the Court of a change of address. *Doc. 7.* The same day, the Clerk mailed to Warren another *in forma pauperis* application and another copy of the signature page from his Complaint. This second mailing was sent to the new address provided by Warren, and it was *not* returned, which means Warren is presumed to have received it. *See 09/20/2019 docket entry.*

As of the date of this Recommendation, Warren has not complied with the

---

[1] The Court's August 27, 2019 Order (*Doc. 2 at 1-2*) also advised Warren of his responsibilities under Local Rule 5.5(c)(2):

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Court's August 27, 2019 Order, and the time for doing so has expired. His last communication with the Court was on September 20, 2019. *Doc. 7.*

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, due to a lack of prosecution.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 7th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE